## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **MEREDITH MORIN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL ACTION NO. H-05-2520** |
| | § | |
| **MENTAL HEALTH MENTAL** | § | |
| **RETARDATION AUTHORITY OF** | § | |
| **HARRIS COUNTY** | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM AND ORDER

Pending before the Court are Defendant's Partial Motion to Dismiss (Docket # 15), Defendant's Motion to Strike Plaintiff's Jury Trial Demand and to Amend Scheduling/Docket Control Order (Docket # 18), Plaintiff's Motion to Remand (Docket # 20), and Defendant's Motion to Strike Plaintiff's Designation of Experts (Docket # 27).  For the reasons set forth below, Defendant's Partial Motion to Dismiss is **GRANTED IN PART**, Plaintiff's Motion to Remand is **GRANTED**, and the remaining motions are **DENIED AS MOOT**.

## I. Background

Plaintiff filed this lawsuit in state court, asserting claims based upon her employment and subsequent termination from Defendant Mental Health Mental Retardation Authority of Harris County ("MHMRA").  Specifically, Plaintiff asserted claims for:  (1) intentional infliction of emotional distress; (2) negligent supervision; (3) disability harassment under the Americans with Disabilities Act ("ADA"); (4) liability under the False Claims Act ("FCA"), 31 U.S.C. § 3729; (5) violation of the United States Constitution and the Texas Constitution; and (6) violation of the Texas Whistleblower Act, TEX. GOV'T CODE §§ 554.001-.009.  Defendant removed the case to federal court based on federal question jurisdiction, pursuant to 28 U.S.C. §§ 1331 and 1441(b).

Defendant subsequently filed a motion to dismiss five of Plaintiff's claims, including those for intentional infliction of emotional distress, negligent supervision, and violations of the ADA, FCA, and United States and Texas Constitutions, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).   Defendant also filed a motion to strike Plaintiff's jury trial demand as untimely filed.   In response, Plaintiff filed an alternative motion for remand.   Plaintiff urged that, should the Court grant either Defendant's motion to dismiss or motion to strike Plaintiff's jury trial demand, the Court should also permit Plaintiff to non-suit any remaining federal claims and remand the suit to state court.   In addition to these motions, Defendant also filed a motion to strike Plaintiff's expert designations, which is not yet ripe.

On June 8, 2006, Plaintiff filed an Unopposed Stipulation of Partial Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii), in which Plaintiff sought to dismiss with prejudice her claims for intentional infliction of emotional distress, negligent supervision, and violations of the ADA and FCA.   Accordingly, on June 12, 2006, the Court dismissed these four claims with prejudice, leaving only two claims still at issue:   Plaintiff's claim under the United States Constitution and the Texas Constitution, and Plaintiff's claim under the Texas Whistleblower Act.

## II. Motion to Dismiss

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted."   FED. R. CIV. P. 12(b)(6).   A district court will dismiss a claim under Federal Rule of Civil Procedure 12(b)(6) only if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief."   *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994).   When considering a Rule 12(b)(6) motion to dismiss, a court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff."   *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004).   "[C]onclusory allegations or

legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) (citation omitted).

Here, the only remaining claim that Defendant has moved to dismiss is Plaintiff's claim under the United States Constitution and the Texas Constitution.   Defendant contends that Plaintiff's claim under the United States Constitution should be dismissed because a plaintiff complaining of a constitutional violation may not assert a direct cause of action under the United States Constitution.   Additionally, Defendant urges that Plaintiff's claim under the Texas Constitution should be dismissed because she has not plead that Defendant violated any particular provision of the Texas Constitution, and because she has failed to plead any facts supporting such a violation.

As Defendant accurately notes, the only reference in Plaintiff's Petition to a constitutional violation is her assertion that she "brings this cause of action under the Texas Constitution and the United States Constitution."   Petition ¶ 24.   In her response to Defendant's motion to dismiss, Plaintiff makes two mentions of this claim.   First, Plaintiff appears to argue that, because her Petition alleged that all conditions precedent to her bringing the action had been satisfied, and because Defendant failed specifically to deny this allegation in its responsive pleading, Plaintiff "is not required to offer any proof regarding conditions precedent."   Pl.'s Resp. ¶ 13.   Plaintiff then provides examples of what she apparently believes to be conditions precedent to bringing this suit, including "cause of action under the US Constitution or Texas Constitution allegedly vague (condition precedent would have been a motion for more definite statement)."   Pl.'s Resp. ¶ 13. Second, Plaintiff argues that:

> [Defendant's] Partial Motion to Dismiss claims under the U S Constitution and Texas Constitution are [sic] not ripe at this time ([D]efendant alleges they are vague, and subsequently asserts that no cause of action exists based on the claims.) A claim of denial of due process would exist both under the Texas and U.S.

Constitution, which pursuant to the case law governing 12(b)(1) and 12(b)(6) motions is cognizable at law.

Pl.'s Resp. at 11.  Plaintiff does not, however, articulate the factual or legal basis of her due process claim, nor does she respond to Defendant's assertion that she may not bring a direct cause of action under the United States Constitution for an alleged due process violation.

Defendant is correct that an alleged due process or other constitutional violation by a governmental unit does not give rise to a direct cause of action under the United States Constitution.  *Hearth, Inc. v. Dep't of Pub. Welfare*, 617 F.2d 381, 382-83 (5th Cir. 1980) (finding that "the federal courts, and this Circuit in particular, have been hesitant to find causes of action arising directly from the Constitution," and that 42 U.S.C. § 1983 provides the means for seeking relief against a state actor who violates the Constitution); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001) ("[A] litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. § 1983."); *Wax 'n Works v. City of St. Paul*, 213 F.3d 1016, 1019 (8th Cir. 2000) (holding that a "claim may not be brought directly under the [F]ourteenth [A]mendment").  As Plaintiff's claim appears to rest upon an alleged denial of due process, her proper remedy would have been to assert a claim under 42 U.S.C. § 1983.  Plaintiff cannot bring her due process claim under the United States Constitution directly, however, and this cause of action must therefore be dismissed for failing to state a claim upon which relief can be granted.

Additionally, even if Plaintiff could bring a direct cause of action under the United States Constitution, she has failed to set forth particular facts, in either her Petition or her response to Defendant's motion to dismiss, which would support such a claim.  Plaintiff has similarly failed to articulate any particular facts giving rise to a claim for violation of the Texas Constitution, nor has she identified any specific provision of the Texas Constitution that Defendant allegedly violated.

Although Plaintiff's Petition sets forth the alleged circumstances of her termination, as well as Defendant's allegedly wrongful conduct during the internal appeal and review of Plaintiff's termination, the Petition is devoid of any mention of a violation of Plaintiff's due process rights or any other constitutional rights. Likewise, while Plaintiff alludes to a "denial of due process" in her response to Defendant's motion, Plaintiff fails to articulate a single fact or circumstance upon which this claim is based. Pl.'s Resp. at 11. Contrary to Plaintiff's belief, stating at least some factual basis for a claim is not a "condition precedent" to bringing suit, but rather, a requirement for stating a claim under the Federal Rules of Civil Procedure. Plaintiff's bare assertion of a cause of action under the United States and Texas Constitutions, and of a denial of due process, are exactly the type of conclusory allegations "masquerading as factual conclusions," which are insufficient to avoid dismissal under Rule 12(b)(6). *See Blackburn*, 42 F.3d at 931. Accordingly, Plaintiff's claim under the United States Constitution and the Texas Constitution must also be dismissed for her failure to state any particular factual basis for the claim.

Because Plaintiff cannot bring a cause of action directly under the United States Constitution, and because Plaintiff has failed to provide factual support for her claim under the United States Constitution and the Texas Constitution, Defendant's motion to dismiss this claim is **GRANTED**. Plaintiff's cause of action under the United States Constitution and the Texas Constitution is **DISMISSED WITH PREJUDICE**.

### III. Motion to Remand

The Supreme Court has recognized that a district court has "discretion to remand to state court a removed case involving pendant claims upon a proper determination that retaining jurisdiction over the case would be inappropriate." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988). In determining whether to retain jurisdiction over state claims, a court should consider judicial economy, convenience and fairness to the litigants, and comity with state courts.

*Carnegie-Mellon*, 484 U.S. at 350; *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992).  When all claims based upon federal law are "eliminated at an early stage of the litigation, the district court has a powerful reason to choose not to continue to exercise jurisdiction."  *Parker & Parsley*, 972 F.2d at 585 (internal quotations omitted); *see also Guzzino v. Felterman*, 191 F.3d 588, 595 (5th Cir. 1999) (recognizing the "wide discretion vested in the trial court to order a remand of state claims on the heels of a dismissal of federal claims"); 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a [state] claim . . . [if] the district court has dismissed all claims over which it has original jurisdiction.").

The Court has found that Plaintiff's claim under the United States and Texas Constitutions should be dismissed.  This leaves only one remaining claim in this action – Plaintiff's state law claim under the Texas Whistleblower Act.  Because no questions of federal law remain in the case, the Court has discretion to determine whether continuing to exercise jurisdiction over Plaintiff's remaining state claim would be appropriate.

Although this case was removed to federal court nearly one year ago, it is still in its early stages.  The parties appear to be engaged in discovery, with the discovery deadline still well more than a month away.  Trial is currently set for October 16, 2006, approximately four months from now.  The Court has not yet decided any motions, other than those addressed by this Order, and the Court has not yet made any substantial commitment of judicial resources to this case.  Similarly, any discovery already conducted by the parties with respect to Plaintiff's Texas Whistleblower Act claim will likely be of equal use in state court, and thus, the parties' efforts up to this point will not be wasted by remanding the case to state court.  Additionally, a state court is in a better position than this Court to decide a claim under the Texas Whistleblower Act, which presents no question of federal law, but rather, raises issues of only state concern.  For these reasons, the Court finds that it is most appropriate for Plaintiff's remaining state-law claim,

asserting a violation of the Texas Whistleblower Act, to proceed in state court.  Accordingly, Plaintiff's motion to remand is **GRANTED**, and the case is **REMANDED** to state court.

## IV. Other Pending Motions

Because the Court has found that Plaintiff's remaining Texas Whistleblower Act claim should be remanded to state court, Defendant's motion to strike Plaintiff's jury demand filed with this Court is moot.  Similarly, the Court need not address Defendant's motion to strike Plaintiff's expert designations for failure to comply with Federal Rule of Civil Procedure 26(a)(2)(B).  Both motions, therefore, are **DENIED AS MOOT**.  This ruling is without prejudice to the parties' right to reassert these motions or issues in state court.

## V. Conclusion

Defendant's Partial Motion to Dismiss is **GRANTED IN PART**, and Plaintiff's cause of action under the United States Constitution and the Texas Constitution is **DISMISSED WITH PREJUDICE**.  Plaintiff's Motion to Remand is **GRANTED**, and the case is hereby **REMANDED** to state court.  Finally, Defendant's Motion to Strike Plaintiff's Jury Trial Demand and to Amend Scheduling/Docket Control Order and Defendant's Motion to Strike Plaintiff's Designation of Experts are **DENIED AS MOOT**.

**IT IS SO ORDERED**.

**SIGNED** this 19th day of June, 2006.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL
FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY
EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT